By the Court. Oakley, C. J.
We are of opinion that none of the exceptions that have been relied on can be allowed.
The single hinge upon which the cause turned, was the construction proper to be given to a written agreement between Ticlienor and the defendant; and this was a strict question of law, which it belonged, not to the jury, but to the judge alone to determine. Had he charged, however, as requested by the *340 counsel for the defendant, the question would have been left, as a question of fact, to the jury. As the pleadings stood, the defence of a set-off was properly overruled, and the refusal of the judge to charge, upon the other points that were raised, as requested by the counsel for the defendant,-is entirely justified, if the construction which he gave to the written agreement is that which we are bound to adopt.
The words of the agreement are certainly not the best that could have been chosen, but we are satisfied that the construction, which the jury was instructed to follow,.is that which is most consistent with its terms, and expresses .the true intention of the parties. It was not their intention that the defendant should be liable to account, as a factor, only for the net proceeds of future sales, retaining, as a compensation for his services, all that might be realized beyond a definite sum, thus casting upon Tichenor the whole risk of future expenses and losses, and incurring himself no other risk than that of a loss of his commissions. Ebr did they intend that the persons to whom sales should be made by the defendant, should be primarily liable or liable at all to Tichenor, the defendant being liable only as a guarantor. In other words, it was not the intention of the parties to impose upon the defendant the responsibility of a factor acting under a del credere commission. Their meaning was that the defendant should be bound'to sell, and, in the event of a sale, should be immediately and solely liable for the stipulated price, that is, the prime cost of the goods, as stated in the invoice, with an addition of 20 or 15 per cent, according to the nature of the sale. A sale by wholesale or retail was a condition precedent to the liability of the defendant as a debtor; but when the sale was made, his obligation to pay the stipulated price became absolute. As the price was then ascertained, a right of action to demand its payment then accrued, and, to maintain the action, no previous demand of an account was necessary to be made or proved.
It is not denied that, if that, which has been stated, is the true construction of the written agreement, it was a contract of sale, and not of agency and guaranty, nor, consequently, that it was properly received as evidence in support of. the ■complaint, and the motion to dismiss the complaint properly *341 denied. It follows, also, that the claim of the defendant to prove and be allowed the expenses incurred by him for storage, freight, &c., was properly rejected. From the nature of his agreement he took upon himself the risk of these expenses, and consented to defray them, trusting to future sales for his reimbursement. They are expenses which could only be charged to Tichenor upon the supposition that the defendant was a factor, and not a purchaser.
But although, upon the merits, a new trial must be denied, we think that the motion to amend the answer so as to let in the defence of a set-off which was rejected upon the trial, is not unreasonable, and, under the circumstances stated in the affidavit, ought to be granted. Upon the service, therefore, of a copy of the amended answer, which was produced, and upon .the payment of the costs of the trial, and of all that have since accrued, the verdict and judgment are set aside, and a new trial granted.